IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DRAVION WARE,<br><br>Defendants. | CRIMINAL ACTION FILE<br><br>NO: 1:17-cr-447-TCB-2 |

# **O R D E R**

This case comes before the Court on Magistrate Judge Justin S. Anand's Final Reports and Recommendations (the "R&Rs") [151, 152, 153] which recommend denying Defendant Dravion Ware's motion [98] for leave to file motion that the complaint on which the warrant issued could not support a finding of probable cause, denying Ware's motion [135] to dismiss counts, and granting in part and denying in part Ware's motion [136] to sever counts. Regarding the motion to sever, the R&R recommends

> (1) that the request for severance be denied, as the counts are properly joined, and there are other mechanisms

> available to handle any potential prejudice; (2) that to the extent evidence of any of Defendant's prior convictions are admitted anyway as relevant under Fed. R. Evid. 404(b), then no relief is necessary, because there would be no additional prejudice relating to a felon-in-possession count; and (3) that to the extent evidence of Defendant's prior convictions are not otherwise admitted as relevant under Rule 404(b), the Court conduct a bifurcated trial whereby the felon-in-possession counts are tried immediately after any verdict on the robbery and brandishment counts.

[153] at 1–2.

No objections to the R&Rs have been filed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. A district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (A judge must "give fresh consideration to those issues to which specific objection has been made by a party."). Those portions of the R&R to which no objection is made need only be reviewed for

clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&Rs and finds no clear error in their factual or legal conclusions. Accordingly, the Court adopts as its order the R&Rs [151, 152, 153]. Ware's motion [98] for leave and motion [135] to dismiss are denied. Ware's motion [136] to sever is granted in part and denied in part as noted above.

IT IS SO ORDERED this 3d day of June, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge